IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KATHLEEN P. CHUTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-0776 |
| | ) | Judge Trauger |
| MONTGOMERY COUNTY | ) | Magistrate Judge Knowles |
| SHOOTING COMPLEX, et al., | ) | |
| (OWNERS-OPERATORS), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM

Pending before the court is the Magistrate Judge's November 29, 2012 Report and Recommendation ("R&R") (Docket No. 23), which recommended that the Tennessee Wildlife Resources Foundation's ("TWRF") Motion to Dismiss (Docket No. 12) be denied. TWRF, which owns the property on which the defendant Montgomery County Shooting Complex is located, has specially appeared and filed objections to the R&R (Docket No. 26).

## BACKGROUND

On July 26, 2012, the plaintiff, Kathleen P. Chute, proceeding *pro se*, commenced this action under the Federal Water Pollution Control Act (the "Clean Water Act"), 33 U.S.C. § 1251 *et seq.*, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* against the defendants, Montgomery County Shooting Complex ("MCSC"), et al., (Owners-

1

Operators).¹  (Docket No. 1.)  The Complaint alleges that the defendants are discharging pollutants into waters of the United States without a National Pollution Discharge Elimination System ("NPDES") permit.  (Docket No. 1 at 5-6.)  It also appears to allege that the defendants have violated a RCRA regulation by engaging in bulldozing activity, which has reduced the temporary water storage capacity of the surrounding floodplain and will apparently result in the washout of solid waste (in the form of lead shot containing arsenic and target debris containing other unnamed carcinogenic chemicals).²  (*Id.*)

On August 17, 2012, TWRF filed its Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Docket No. 12.)  In its motion, TWRF argued that dismissal was proper because the plaintiff failed to comply with the pre-suit notice procedures contained in the Clean Water Act ("CWA"), RCRA, and each statute's implementing regulations.  (*Id.* at 5-9.)  Among other things, TWRF contended that the plaintiff failed to serve notice upon the proper parties - namely, itself and the State of Tennessee - and failed to identify the specific statutory provisions, standards, limitations, or orders that were allegedly violated under the CWA and RCRA.  (*Id.* at 6, 8.)

In the R&R, the Magistrate Judge framed the issue before the court narrowly, stating that "[t]he sole issue at this juncture of the case is whether TWRF received sufficient notice that it was

---

¹ David E. Chute was previously named as a plaintiff, but he has since been dismissed from this case pursuant to Federal Rule of Civil Procedure 21.  (*See* Docket No. 22.)

² A regulation promulgated by the United States Environmental Protection Agency ("EPA") pursuant to the RCRA provides that "[f]acilities or practices in floodplains shall not restrict the flow of the base flood, reduce the temporary water storage capacity of the floodplain, or result in washout of solid waste, so as to pose a hazard to human life, wildlife, or land or water resources." 40 C.F.R. § 257.3-1.

being sued at least 60 days prior to the filing of this action." (Docket No. 23 at 2.) The R&R answered this question in the affirmative, taking judicial notice of the fact that TWRF owns the MCSC and oversees its operations, and finding that the notice directed to the MCSC was carbon copied to Joey Woodard, TWRF's Executive Director, and signed for on his behalf. (*Id.* at 3-4.) In undertaking this analysis, the Magistrate Judge did not address TWRF's remaining subject matter jurisdiction arguments concerning whether the State of Tennessee was properly served with notice or if the contents of the plaintiff's notice sufficiently identified the specific statutory provisions, standards, limitations, or orders that were violated under the CWA and RCRA. On December 13, 2012, TWRF filed its specific objections to the R&R. (Docket No. 26.)

## ANALYSIS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the Report and Recommendation to which a party specifically objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); *see also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

TWRF makes two primary objections to the R&R. First, it objects to the Magistrate Judge's failure to analyze whether notice was given to all statutorily required parties. (Docket No. 26 at 2.) In the process of raising this objection, TWRF also appears to renew its contention that it was not properly served with notice. (*Id.* at 8.) TWRF's second objection to the R&R is that it failed to address whether the plaintiff's notice sufficiently identified the statutory provisions,

3

standards, limitations, or orders that were allegedly violated under the CWA and RCRA.[3] (*Id.* at 2, 8.)

The CWA authorizes any citizen having an interest that is or may be adversely affected to bring suit against any person "who is alleged to be in violation of . . . an effluent standard or limitation under [the Act] or . . . an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1) and (g); *See also Ailor v. City of Maynardville, Tenn.*, 368 F.3d 587, 590 (6th Cir. 2004). However, the CWA also provides that no action may be commenced "under subsection (a)(1) of this section . . . prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator [of the United States Environmental Protection Agency ("EPA")], (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A). The CWA's implementing regulations further detail the manner in which the required notice shall be served:

> If the alleged violator is an individual or corporation, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, vessel, facility, or activity alleged to be in violation. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which such violation is alleged to have occurred, and the chief administrative officer of the water pollution control agency for the State in which the

---

[3] TWRF also objected to the Magistrate Judge's findings that it was properly named in the Complaint and served with process. However, given the nature of the pending Motion to Dismiss, which is brought solely under Federal Rule of Civil Procedure 12(b)(1), the court need not address these specific findings, as they are not dispositive to whether it possesses subject matter jurisdiction over the plaintiff's suit.

> violation is alleged to have occurred. If the alleged violator is a corporation, a copy of such notice also shall be mailed to the registered agent, if any, of such corporation in the State in which such violation is alleged to have occurred.

40 C.F.R. § 135.2(a)(1). The regulations also specify the required contents of such notice:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a). These regulations, published in the Code of Federal Regulations, "have the force and effect of law." *First Tennessee Bank Nat'l Assoc. v. Barreto*, 268 F.3d 319, 329 (6th Cir. 2001) (internal quotation marks and citations omitted).

The notice requirements contained in the RCRA citizen suit provision are substantially similar to those outlined in the CWA. The RCRA authorizes any citizen to commence a civil action against any person "who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to" the Act. 42 U.S.C. § 6972(a)(1)(A). However, like the CWA, the RCRA provides that no action may be filed "under subsection (a)(1)(A) of this section . . . prior to 60 days after the plaintiff has given notice of the violation to . . . (i) the Administrator [of the EPA]; (ii) the State in which the alleged violation occurs; and (iii) to any alleged violator of such permit, standard, regulation, condition, requirement, prohibition, or order." 42 U.S.C. § 6972(b)(1)(A). Similar to the CWA, the RCRA's implementing regulations contain requirements concerning the service and contents of

5

the notice. 40 C.F.R. §§ 254.2 - 254.3. These implementing regulations are substantially similar in structure to those promulgated under the CWA.[4]

The Supreme Court has held that the notice and 60-day delay requirements contained in the RCRA's citizen suit provision are "mandatory conditions precedent" to commencing a civil suit. *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 31 (1989). Indeed, a "district court may not

---

[4] For instance, the RCRA's implementing regulation detailing the manner in which the required notice shall be served provides that:

> If the alleged violator is a private individual or corporation, service of notice shall be accomplished by registered mail, return receipt requested, addressed to, or by personal service upon, the owner or site manager of the building, plant, installation, or facility alleged to be in violation. A copy of the notice shall be mailed to the Administrator of the Environmental Protection Agency, the Regional Administrator of the Environmental Protection Agency for the region in which the violation is alleged to have occurred, and the chief administrative officer of the solid waste management agency for the State in which the violation is alleged to have occurred. If the alleged violator is a corporation, a copy of the notice shall also be mailed to the registered agent, if any, of that corporation in the State in which such violation is alleged to have occurred.

40 C.F.R. § 254.2(a)(1). Moreover, the implementing regulation specifying the required contents of such notice states that:

> Notice regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 254.3(a).

disregard these requirements at its discretion . . . [but] must [rather] dismiss the action as barred by the terms of the statute" when they are not met. *Id.* at 31, 33. In reaching its decision in *Hallstrom*, the Supreme Court reviewed the legislative history of the first citizen suit statute, Section 304 of the Clean Air Act, and found that Congress intended to reach a balance between encouraging citizen enforcement of environmental laws and avoiding a scenario where the federal courts are burdened with an excessive number of citizen suits. *Id.* at 28-29. It added that the notice and 60-day delay requirements advance this congressional goal by "allow[ing] Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits . . . [and] giv[ing] the alleged violator an 'opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Id.* at 29. (quoting *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987).

The Sixth Circuit has invoked *Hallstrom's* holding in suits brought under other environmental statutes, including the CWA and the Emergency Planning and Community Right-to-Know Act ("EPCRA"). *See Greene v. Reilly*, 956 F.2d 593, 594-95 (6th Cir. 1992) (CWA); *Atl. States Legal Found., Inc. v. United Musical Instruments, U.S.A., Inc.*, 61 F.3d 473, 478 (6th Cir. 1995) (EPCRA). The Court of Appeals has likewise noted that the notice requirement contained in the citizen suit provisions of the CWA and RCRA is "not a mere technical wrinkle of statutory drafting or formality to be waived by the federal courts." *Greene*, 956 F.2d at 594 (internal quotation marks and citations omitted). Moreover, while the Supreme Court in *Hallstrom* did not resolve the issue of whether the notice and 60-day delay requirements constitute a jurisdictional prerequisite to bringing suit, *see* 493 U.S. at 31, the Sixth Circuit has

7

answered this question in the affirmative. *See Bd. of Trustees of Painesville Tp. v. City of Painesville, Ohio*, 200 F.3d 396, 400 (6th Cir. 1999) (stating that "this court has long recognized [that the statutory notice requirement is] a jurisdictional prerequisite to maintaining a cause of action under" the CWA); *Walls v. Waste Res. Corp.*, 761 F.2d 311, 316 (6th Cir. 1985) ("We agree with the District Court in holding that compliance with the sixty day notice requirement is a jurisdictional prerequisite to bringing suit against private defendants under the citizen suit provisions of" the RCRA and CWA).

Again, TWRF's first objection to the R&R challenges the Magistrate Judge's failure to analyze whether all necessary parties were properly served with the required notice. Specifically, TWRF contends that the State of Tennessee was not notified by the plaintiff of her intent to bring a citizen's suit under the CWA or RCRA. (Docket No. 26 at 2, 8.) TWRF also contends that it was not given adequate notice by the plaintiff. (*Id.*)

As previously discussed, the Magistrate Judge focused his analysis on the issue of whether TWRF was sufficiently notified of the plaintiff's intent to sue. Indeed, the R&R did not address whether the State of Tennessee received proper notification pursuant to the CWA, RCRA, and each statute's implementing regulations. Again, the notice and 60-day delay requirements contained in the citizen suit provisions of the CWA and RCRA provide that a plaintiff must give notice of the alleged violation to "the State in which the alleged violation occurs." 33 U.S.C. § 1365(b)(1)(A); 42 U.S.C. § 6972(b)(1)(A). Moreover, the applicable implementing regulations specify that a copy of the notice must be mailed to the chief administrative officer of either the water pollution control agency (in the case of a CWA violation) or solid waste management agency (in the case of a RCRA violation) "for the State in which the violation is alleged to have

8

occurred." 40 C.F.R. §§ 135.2(a)(1), 254.2(a)(1). While the record reflects that the plaintiff mailed a copy of her notice to the Office of the Tennessee Attorney General, there is no evidence showing that she mailed a copy of such notice to the Commissioner of the Tennessee Department of Environment and Conservation ("TDEC"), who serves as the chief administrative officer of the state agency that regulates sources of water pollution and solid waste within Tennessee. (*See* Docket No. 13, Ex. A. at 4; Docket No. 16, Ex. E at 1-3.) Thus, the plaintiff has failed to give notice to a statutorily required party, the State, in the manner expressly mandated by the regulations promulgated under the CWA and RCRA. This failure frustrates one of the underlying policy rationales behind the notice provision, because the state agency charged with enforcing various environmental regulations pertaining to water pollution and solid waste management was not apprised of the alleged violations. *See Hallstrom*, 493 U.S. at 29.

This failure to comply with each statutes' notice requirements deprives the court of subject matter jurisdiction. *See Bd. of Trustees of Painesville Tp.*, 200 F.3d at 400; *Walls*, 761 F.2d at 316. Accordingly, dismissal is warranted.[5] However, dismissal of this action will be without prejudice to the plaintiff's right to file another civil suit after giving the required statutory notice in the manner specified by the CWA, RCRA, and each statute's implementing regulations.

---

[5] While the court acknowledges that the plaintiff is proceeding *pro se*, it finds that dismissal is nonetheless warranted, given that the plaintiff failed to comply with clear and express regulatory requirements mandating the procedure under which notice was to be given to the required parties. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that because the text of the Federal Tort Claims Act provision requiring pre-suit administrative exhaustion was clear, it did not constitute a "trap for the unwary"). In *McNeil*, the Supreme Court added that it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id.*

*See* 33 U.S.C. § 1365(b)(1)(A); 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. §§ 135.2 - 135.3, 254.2 - 254.3.

Because the Magistrate Judge concluded that the court possessed subject matter jurisdiction over the plaintiff's case without analyzing whether all of the relevant parties received the statutorily mandated pre-suit notice, TWRF's first objection to the R&R will be **SUSTAINED**. Having already found that subject matter jurisdiction is lacking on account of the plaintiff's failure to give notice to the TDEC Commissioner, the court need not analyze TWRF's remaining objections to the R&R contending that the Magistrate Judge failed to address its other subject matter jurisdiction arguments concerning whether it adequately received notice and if the contents of the plaintiff's notice sufficiently identified the statutory provisions, standards, limitations, or orders that were violated under the CWA and RCRA.[6] Accordingly, in light of the foregoing, the Magistrate Judge's November 29, 2012 Report and Recommendation that TWRF's Motion to Dismiss be denied (Docket No. 23) will be **REJECTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

An appropriate Order will enter.

---

[6] Again, should the plaintiff decide to bring another citizen's suit, the notice requirements contained in the CWA, RCRA, and each statute's associated implementing regulations must be strictly complied with. *See* 33 U.S.C. § 1365(b)(1)(A); 42 U.S.C. § 6972(b)(1)(A); 40 C.F.R. §§ 135.2 - 135.3, 254.2 - 254.3.

_____
ALETA A. TRAUGER
United States District Judge